FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES P.E. O'NEEL, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>CHEWELAH BASIN SKI CORP. dba 49 DEGREES NORTH, and the UNITED STATES OF AMERICA,<br><br>  Defendants. | No.   2:16-CV-0018-SMJ<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS** |

On July 26, 2016, the Court held a hearing on Defendant United States' Motion to Dismiss for Lack of FTCA Jurisdiction, ECF No. 17. This Order memorializes and supplements the Court's oral ruling.

Plaintiff James O'Neel sued the United States and Chewelah Basin Ski Corp., the operator of a ski resort on U.S. Forest Service land, for personal injury he sustained after landing a ski jump. ECF No. 1. O'Neel sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2689 *et seq*. The United States filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Discretionary Function Exception and Independent Contractor Exception apply to divest the Court of FTCA jurisdiction in this case.

ORDER **-** 1

As a sovereign, the United States is immune from suit unless it waives that immunity. *Chadd*, 794 F.3d at 1108. Through the Federal Tort Claims Act, the United States enacted a partial waiver of its sovereign immunity, making itself amenable to suit "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC 1346(b)(1). Congress exempted some broad classes of tort claims from this waiver including the discretionary function and independent contractor exceptions.

Discretionary function exception

The discretionary function exception retains sovereign immunity for any claim based on the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved is abused. 28 USC 2680(a). The exception is designed to prevent judicial second-guessing of legislative and/or administrative decisions grounded in policy. *Chadd*, 794 F.3d at 1108.

The Supreme Court has established a two-step process for evaluating whether a claim falls within the discretionary function exception. First, a court examines whether the government's actions are discretionary in nature, acts that involve an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In making this examination, it is "the nature

of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). If there is a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir.2008).

Second, even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield. *Gaubert*, 499 U.S. at 322–23. The exception protects only government actions and decisions based on social, economic, and political policy. *Miller v. United States*, 163 F.3d 591, 593 (9th Cir.1998). However, the exception "is not confined to the policy or planning level" and extends to "the actions of Government agents." *Gaubert*, 499 U.S. at 325, 323.

*Step 1.* The United States argues that no law or contractual provision directs mandatory or specific action related to monitoring ski areas operating on Forest Service land, so the first step of the exception is satisfied. O'Neel argues that the special use permit—a contract between 49 Degrees North and the U.S. Forest Service—directs specific action that is nondiscretionary.

ORDER - 3

First, O'Neel cites a section of the permit requiring signs on the property to be approved by the Forest Service.

> E. <u>Signs</u>. Signs or advertising devices erected on National Forest System lands shall have prior approval by the Forest Service as to location, design, size, color, and message. Erected signs shall be maintained or renewed as necessary to neat and presentable standards, as determined by the Forest Service.

ECF No. 18-6 at 4. This is not the kind of contractual provision that divests the United States of discretion. It does not say exactly what kind of sign is required where. Rather, it requires 49 Degrees North to submit sign designs to the Forest Service for approval.

Second, O'Neel cites a section of the permit requiring Forest Service approval of improvements.

> All required plans and specifications for site improvements, and structures included in the development schedule shall be properly certified and submitted to the Forest Service at least forty-five (45) days before the construction date stipulated in the development schedule.

ECF No. 18-6 at 3. O'Neel assumes that the ski jump at issue here is an improvement. The Court does not believe it is. But even if it were, this is again not the kind of contractual provision that divests the Forest Service of discretion. It does not provide metrics by which the Forest Service must evaluate a plan or circumstances under which a plan may not be approved. Rather, it merely requires

ORDER - 4

the operator to submit plans 45 days before the construction date. It does not create a mandatory, specific duty.

The Court has reviewed the Special Use Permit and has concluded not only that no provision divests the United States of discretion in this circumstance, but also that the permit explicitly commits the responsibility to maintain safety to Chewelah. And contrary to Plaintiff's argument, the United States may delegate its duty to monitor for safety. *Akers v. US*, 2002 WL 32513820, *15-16 (D. Or. 2002); *Berrien v. US*, 711 F.3d 654, 658 (6th Cir. 2013); *Andrews v. US*, 121 F.3d 1430, 1440 (11th Cir. 1997).

*Step 2*. O'Neel argues that "there was no policy analysis because no decision was actually made" so this was not the type of decision protected by the discretionary function exception. ECF No. 27 at 17. O'Neel misapprehends the law. The fact that a decision involving policy considerations was not officially made is irrelevant. The decision giving rise to liability need not be actually grounded in policy considerations, but rather must be susceptible to a policy analysis. *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). The Forest Service has limited resources. Allocating these resources involves consideration of competing policy interests of the kind that this exception was designed to protect. The Forest Service is charged with managing national forests all over the country. It has discretion to permit developed skiing opportunities in addition to many other

ORDER - 5

possible activities. The policy issues underlying a decision to permit skiing are obvious—water use, runoff, wildlife preservation, etc.

Much of Plaintiff's argument focuses on the duties imposed on landowners by Washington law. This is irrelevant to the FTCA jurisdiction analysis. Because no law or contractual provision divests the Forest Service of discretion in dealing with matters related to terrain parks on federal land and the decision on how to monitor such a park is policy-based, the discretionary function exception applies.

Independent contractor exception

O'Neel asserts that the United States is liable for the negligent act of an employee or employees of the Chewelah Basin Ski Corp. in creating the ski jump off which he crashed.

The United States is not liable for the negligence of an employee of an independent government contractor. 28 USC 2671; *Brooks v. AR&S Enterprises*, 622 F.2d 8 (1st Cir. 1980). The question, then, is whether the Chewelah Basin employees are federal employees or employees of an independent contractor. The critical factor in determining whether an individual is a federal employee rather than an independent contractor is the power of the Federal Government to control the detailed physical performance of the individual. *United States v. Orleans*, 425 U.S. 807, 814 (1976). There must be substantial supervision over the day-to-day operation of the contractor in order to find that the individual was acting as a

government employee. *Autery v. United States*, 424 F.3d 944, 957 (9th Cir. 2005). The Court has reviewed all applicable documentation and has found no evidence that the Forest Service has any authority whatsoever to direct the day-to-day actions of Chewelah Basin employees. And in fact, Plaintiff admitted that it is "not taking the position that 49 Degrees North was an employee of the Forest Service." Hearing transcript at 10:18 AM. The Court concludes that the independent contractor exception to the FTCA also applies.

Because both exceptions to the FTCA waiver apply, this Court lacks subject matter jurisdiction over the United States in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Lack of FTCA Jurisdiction, **ECF No. 17**, is **GRANTED**.

2. The claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

//
//
//
//
//

**3.** The Clerk's Office is directed to **AMEND** the caption to read as follows:

JAMES P.E. O'NEEL, an individual,

Plaintiff,

v.

CHEWELAH BASIN SKI CORP. *dba* 49 DEGREES NORTH,

Defendant.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of August 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge